IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID ALAN DAMON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DEMETRIC GODFREY; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 25-22-GF-DWM<br><br>ORDER |

Pending before the Court is a petition for writ of habeas corpus relief filed by state pro se petitioner David Alan Damon ("Damon") pursuant to 28 U.S.C. § 2254. (Doc. 1.) Damon is proceeding in forma pauperis. (Doc. 6.) This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

I.   **Background**

In 2012, following an investigation by the Cascade County Sheriff's Office,

1

Damon was charged with Incest, following allegations that he had raped his sixteen-year-old daughter, Jane Doe, on numerous occasions. During the investigation, detectives learned through Jane's caseworker that Damon had reportedly also engaged in sexual conduct with his other daughter, Jill Doe. Following his arrest, Damon talked with detectives and admitted to having sex with Jill in both Helena and Vaughn, Montana, but denied having sex with Jane, who was underage. Damon was charged with two counts of felony Incest for the rapes of Jane and Jill, and one count of felony tampering with a witness, for attempting to force Jane to withhold information from investigators. In July of 2013, Damon pled guilty to one count of felony incest and accepted a plea agreement which dismissed the other two charges. The Cascade County District Court sentenced Damon in February of 2014 to 50 years at the Montana State Prison ("MSP") with 10 of the years suspended. The court also restricted Damon's parole eligibility until he completed Phases I and II of the sexual offender treatment programs at MSP. *See State v. Damon*, 2025 MT 12, ¶¶ 2-3, 420 Mont. 225, 562 P.3d 1061.

In February of 2024, Damon filed a motion to modify the judgment against him. He argued that because the treatment program which he had been required to complete, SABER SOP treatment, was no longer available, he was without means to satisfy his sentencing requirements. Damon asked, instead, to receive treatment

2

in a residential sex offender treatment program in lieu of completing it while in custody. The district court denied his motion, reasoning that it lacked authority to modify the sentence and that the issue was to be raised with the Montana Board of Pardons and Parole and/or the Montana Department of Corrections. Damon appealed. *Damon*, 2025 MT 12, ¶ 4.

The Montana Supreme Court denied Damon relief. It was first noted that in 2023, the Department of Corrections eliminated SABER SOP, and it was replaced with Sex Offender-Integrated Correctional Program Model (SO-ICPM), which has analogous treatment component to the prior program. *Id.* The Department of Corrections acknowledged that inmates with sentences requiring SABER SOP treatment could utilize the SO-ICPM programming to meet their sentencing requirements. Thus, Damon's sentence was not illegal because this sentencing condition was not impossible to fulfill. *Id.* at ¶¶ 13-14. Additionally, Damon remained on a waitlist to complete the second phase of the program simply due to the length of his sentence. *Id.* at ¶ 14. The Court affirmed the district court order denying Damon's motion to modify his sentence.

In the instant petition, Damon argues that the State will not let him do treatment. (Doc. 1 at 4.) He is presently incarcerated at Crossroads Correctional Facility where no treatment programs are offered. Damon further states that he has a letter from the victim that states that she falsely accused him and that he was in

prison when the events were alleged to have occurred. (*Id.* at 5); *see also*, (Doc. 1-1 at 1)(letter from A.M.) Damon asks that he be allowed to do treatment "as soon as possible" and asks this Court to look at all the evidence to see if he was given too harsh of a sentence. (*Id.* at 7.) He further requests that he be allowed to see the Parole Board and would like to sue the prison for refusing him treatment. (*Id.*)

Attached to his petition, Damon provides kites from Department of Corrections Officials indicating that he will be placed in a treatment program when an opening becomes available. *See e.g.*, (Doc. 1-1 at 5-6; 19-20.) It does not appear that a date or definitive timeline for potential placement in a treatment program has been provided.

## II. Analysis

As a preliminary matter, the claims contained in Damon's petition are likely untimely. Generally, Courts will not hear such claims, unless a petitioner can excuse his non-compliance. But a federal court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues). As

explained herein, Damon fails to state a claim upon which relief may be granted. The petition will be denied.

As set forth above, the Montana Supreme Court denied Damon relief finding that his sentence was not illegal. To the extent that Damon believes the Montana Supreme Court misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Damon has not demonstrated that the Montana Supreme Court erred. But even if he could do so, the claim does not warrant relief. A violation of state law, without more, does not deprive a petitioner of a federal constitutional right. *Cooks v. Spalding*, 660 F. 2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S 1026 (1982). It has long been understood that a state may violate its own law without violating the United States Constitution. *Gryger v. Burke*, 334 U.S. 728, 731 (1948)("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). To qualify for federal habeas relief, an error

of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984). Damon has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process or equal protection. *See Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991)(quotation omitted). While the Court understands that the delay in obtaining treatment, due to the implementation of the new programming coupled with the length of his overall sentence is frustrating to Damon, this does not create an issue of constitutional import.

Moreover, while Damon may disagree with the district court's requirement that he complete sexual offender treatment during his incarceration, he has not shown the sentence itself is unlawful. The Ninth Circuit has found that an inmate serving a criminal sentence does not possess a constitutionally protected liberty interest in sex offender treatment. *Balla v. Idaho State Bd. of Corrections*, 869 F. 2d 461 (9th Cir. 1989); *Maimon v. Rea*, 127 Fed Appx. 295 (9th Cir. 2005). To the extent that Damon's petition can be read to assert a due process violation for denial of parole based upon his inability to complete sex offender treatment, a protected interest is not implicated. Prisoners have "no constitutional or inherent right" to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 79

6

(1979). Within the statutory scheme of Montana state law under which Damon was sentenced, no liberty interest exists under the due process clause. *Worden v. Mont. Bd. of Pardons & Parole*, 289 Mont. 459, 472, 962 P. 2d 1157, 1165 (Mont. 1998). Damon cannot convert this state law issue into one of federal import merely by invoking the specter of a due process violation. *See Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), *cert. denied* 522 U.S. 881 (1997). This claim is not cognizable.

Damon also suggests, despite his guilty plea, that he is actually innocent of Incest and should be afforded relief from his conviction. As an initial matter, the Supreme Court has previously ruled that a stand-alone substantive claim of actual innocence is not cognizable in federal habeas; relief is only available when a substantive claim of innocence is connected to an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400-05 (1993). The Ninth Circuit recently acknowledged it is an open question whether a freestanding federal actual innocence claim is cognizable in a non-capital context. *Prescott v. Santoro*, 53 F. 4th 470, 482 (9th Cir. 2022)(*citing Taylor v. Beard*, 811 F. 3d 326, 334 (9th Cir. 2016)(en banc)). Assuming such a claim exists, the new evidence presented by the petitioner must meet the "extraordinarily high" threshold showing of actual innocence to prevail on such a claim. *Id.*, *citing Herrera*, 506 U.S. at 417.

The Court is not convinced that the letter provided by Damon meets this high threshold. Moreover, it does not appear that Damon has presented this claim or the letter from his daughter to the state courts. Thus, the claim appears to be non-cognizable and unexhausted. For all of these reasons, Damon's petition will be denied.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Damon's claims are not cognizable in federal habeas, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Damon's Petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to enter judgment by separate document in favor of Respondents.

3. A certificate of appealability is DENIED.

DATED this 17th day of April, 2025.

Donald W. Molloy, District Judge
United States District Court